IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAVIER MONTES, etc., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 13 C 3182 |
| DEPUTY SHERIFF DOUGLAS PASTIRIK, individually, et al., | ) ) ) ) |
| Defendant. | ) |

<u>MEMORANDUM ORDER</u>

On August 26, 2013 this Court received a courtesy copy of the Answer and Affirmative Defenses ("ADs") filed on August 15 on behalf of Deputy Sheriff Douglas Pastirik ("Pastirik") and the County of LaSalle ("County"). That transmittal crossed in the mails this Court's August 22 memorandum order ("Order") that called for the delivery of the chambers copy of that pleading, plus a $100 payment because the non-delivery violated this District Court's LR 5.2(f).

Because defense counsel's transmittal reflected tardiness rather than his ignoring LR 5.2(f) altogether, this Court was originally inclined to waive the $100 obligation mandated by its Order. But examination of the responsive pleading discloses defense counsel's violation of still another ground rule, this time LR 10.1--and that violation calls for a do-over of the responsive pleading plus the payment of the previously levied $100.

LR 10.1 calls for a responsive pleader to state the substance of each paragraph of a complaint immediately before stating the response to that allegation (a requirement most commonly addressed by starting with a verbatim copying of the complaint's allegation). That requirement serves the obvious purpose of allowing a reader -- opposing counsel, the assigned judge or anyone else -- to see just what is and what is not being placed in issue, without having to flip back and forth between the complaint and the responsive pleading. In this instance the Answer has not complied with that sensible requirement, so that defense counsel must go back to the drawing board.

There are also a few specific aspects of the Answer and its annexed ADs that require comment. Here they are:

    1. Answer ¶3 departs from the clear roadmap charted by Fed. R. Civ. P. ("Rule") 8(b)(5) for disclaimers that enable a responding party to avoid either admitting or denying an allegation where that is appropriate. In addition, that paragraph's demand for "strict proof" is meaningless. In both those respects, see App'x ¶1 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Of course, where as here the gravamen of a federal law suit looks to federal-question jurisdiction rather than diversity of citizenship, issues of citizenship or residence are really irrelevant.

2. AD 1, which asserts a qualified immunity defense for Pastirik, is directly at odds with the allegations of First Amended Complaint ("FAC") ¶¶10 and 11. That being so, the purported AD must be stricken as violative of Rule 8(c) and its caselaw--see also App'x ¶5 of <u>State Farm</u>. Hence AD 1 is stricken.

3. AD 2 cites to a provision of the Illinois Tort Immunity Act. That AD of course provides no insulation against the FAC's invocation of 42 U.S.C. §1983. Whether it bears on County's duty of indemnification (Complaint Count II) remains for the future, so for the present AD 2 will be permitted to stand.

Because the matters dealt with in this memorandum order are all-pervasive, the entire Answer and ADs are stricken, with leave granted to file a self-contained proper responsive pleading on or before September 9, 2013. No charge is to be made to either defendant for the time and expense involved in correcting counsel's errors in that manner.

							_____
							Milton I. Shadur
							Senior United States District Judge

Dated: August 28, 2013